1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9

JESUS SOSA,

CASE NO.    1:10-cv-1454-OWW-MJS

10

Plaintiff,

FINDINGS AND RECOMMENDATION

11

RECOMMENDING MOTION TO SET
ASIDE ENTRY OF DEFAULT BE DENIED

12

v.

13

GERARDO MEJIA d/b/a Mejia's Taco
Shop,

(ECF No. 11)

14

OBJECTIONS DUE WITHIN FOURTEEN
DAYS

15

Defendant.

16

_____/

17
18

**I.**    **BACKGROUND**

19

**A.**    **Plaintiff's Allegations in the Complaint**

20

On August 12, 2010, Plaintiff Jesus Sosa filed a Complaint against Defendant

21

Gerardo Mejia doing business as Mejia's Taco Shop.  The Complaint seeks relief pursuant

22

to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., California Civil

23

Code §§ 51, 54, and 54.1, and the California Health and Safety Code.

24
25

In his Complaint, Plaintiff alleges essentially as follows:

26

Plaintiff is a disabled wheelchair-user.  Defendant operates Mejia's Taco Shop, a

27

restaurant in Madera, California. When Plaintiff visited Defendant's restaurant, he

encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered.   More specifically, on an unspecified date, Plaintiff visited Mejia's Taco Shop and encountered barriers and deficiencies associated with parking spaces, ramps, signs, doormats, toilet facilities, seating and access. He identifies approximately thirty-eight separate "barriers" that deter him from visiting the restaurant.   The barriers are easy to remove, but Defendants have intentionally refrained from making alternations necessary to comply with accessibility standards. (ECF No. 2.)

Plaintiff seeks as relief an injunction, declaratory relief, statutory damages, and attorney's fees and costs. (Id.)

It is relevant to this motion that Plaintiff and his counsel simultaneously initiated in this Court three similar actions against other defendants. See Case Nos. 1:10-CV-01446-LJO-GSA,  1:10-CV-01494-OWW-SKO,  and  1:10-CV-01577-LJO-DLB.    Reportedly, defense counsel in this case also is representing the defendant(s) in each of those cases. None of these other matters is before the undersigned Magistrate Judge.

### B.   Procedural History

On September 8, 2010, Plaintiff filed a proof of service indicating that on August 30, 2010, Defendant Gerardo Mejia had been personally served with the summons and related papers at Mejia's Taco Shop, 151 South Madera Avenue, Madera, California.  (ECF No. 6.) On November 16, 2010, Plaintiff requested the Clerk of the Court enter default against Defendant Mejia.  (ECF No. 8.)  On November 17, 2010, the Clerk of the Court entered default.  (ECF No. 9.)

Two and one half months later, on January 31, 2011, Defendant filed a Motion to Set Aside the Clerk's Default. (ECF No. 11.)  On February 22, 2011, Plaintiff filed his

opposition. (ECF No. 14.)  The matter was set for hearing on March 18, 2011.  On March 14, 2011, the Court determined pursuant to Local Rule 230(g) that the matter was suitable for decision without oral argument.  The scheduled hearing on the Motion to Set Aside Default was vacated and the matter deemed submitted. (ECF No. 15.)

The Court has carefully reviewed and considered all of the pleadings and moving and opposition papers, including arguments, points and authorities, declarations, and exhibits.[1]

### C.    Factual Dispute Regarding Timing of Response to Pleading

The parties present  different versions, or at least different understandings,  of what occurred between the service of the Complaint in this case and the filing of the instant Motion.  Each parties contention is set forth below.

### 1.    Plaintiff's Version

The following facts are derived from Plaintiff's opposition points and authorities, supporting declarations, and the exhibits attached thereto.  (ECF No. 14.)

After service of the Complaint on Defendant on August 30, 2010, attorney Steven Geringer advised Plaintiff's counsel's office (in a September 29, 2010 letter) that he would be representing Defendant in this case.

As of October 25, 2010, no responsive pleading having been filed, Plaintiff's counsel's office telephoned defense counsel and advised that default would be entered if a response was not filed.  This call was followed by a letter dated November 2, 2010 advising defense counsel that Court rules precluded Plaintiff from granting Defendant

---

[1] Not all that the Court reviewed is discussed here.  Lack of reference to a written point, document, or part of a document is not to be read as a failure to consider same.

further extensions to respond and stating: "Accordingly, if a responsive pleading is not filed [in the similar cases] on or before Friday, November 5, 2010, we will immediately take the default" of all defendants in the cases.[2]

Following a November 3, 2010 telephone conversation between the two counsel, Plaintiff wrote to "confirm" same and advised that no further time extensions could be given, but that if either a settlement were reached or a responsive pleading filed on or before November 15, 2010, no default would be entered.  The letter added that if neither of those events occurred before that date, "a default will be taken against your clients." Defense counsel's office was given a telephonic reminder of this deadline on November 9, 2010.

Nevertheless, on the day of the deadline, November 15, 2010, Mr. Geringer's office called and requested an extension of time to file a responsive pleading.  Plaintiff's counsel's paralegal then spoke directly with  Mr. Geringer by phone and advised him that if his clients "responsive pleading was not filed by the end of the day, that on November 16, 2010 his clients' default would be taken..."  As promised, Plaintiff moved for entry of default the following day.

### 2.   Defendant's Version

The following facts are derived from Defendant's points and authorities and declaration in support of his motion to set aside Default.[3]

_____

[2] Interestingly, the letter does not refer to this case by name or number.  However, the motion papers filed by both Plaintiff and Defendant suggest an intent and understanding by both parties that all four cases were to be covered by their communications.

[3] A careful reading suggest these opposition papers simply reprint under the caption of this case that which was filed in one of the other related cases.

After defendants in this and the similar cases received notice of Plaintiff's complaints and retained attorney Geringer to represent them, he contacted Plaintiff's counsel and advised of his retention. He also advised of several perceived deficiencies in the complaints and/or service of the complaints in some of the cases. (Apparently none were identified in the instant case.[4]) Mr. Geringer agreed to accept service of an amended complaint in one or more of the other actions. He advised that in all four cases the defendants were going to retain consultants to see if action needed to be taken to bring their respective businesses into compliance with applicable law. He provided this information to ensure that the correct individuals were named as defendants and were properly served so that the parties could avoid having to file motions to strike and motions to set aside void judgments.

Defense counsel asserts, in effect, that when the above-described phone conversation ended, he "understood that the complaint [in each of the four similar matters] would be amended to properly assert the claims and provide proper service of each of legal actions."[5]

Based thereon, and apparently notwithstanding the repeated notices, oral and written, from Plaintiffs' counsel that default would be entered if no responsive pleading was filed or other resolution obtained by November 15, 2010, defense counsel took no further action until January 4, 2011—long after the response deadline had expired and the default

---

[4] After referring to the misnaming of a party in one of the other actions, defense counsel states that "there were numerous other errors" in the other three actions as well. He describes some of those errors. None appear to apply to this case.

[5] Defense counsel gives no indication as to why he may have believed any amendment or re-service might have been necessary or expected in the instant case.

had been entered in this case.

## II.    LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside a default for "good cause shown." In this Circuit, the "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b), i.e., the one seeking to set aside a default judgment must demonstrate "mistake, inadvertence, surprise or excusable neglect." Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-926 (9th Cir. 2004); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001); FRCP 60(b)(1). However, the Court has "especially broad" discretion in setting aside entry of default as compared to a default judgment.  Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).  Additionally, there is a strong preference for cases to be resolved on the merits.  See In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).

In considering whether to set aside the entry of default, the Court must consider three factors: (1) the culpability of the conduct that led to the default; (2) whether setting aside the default would prejudice Plaintiff; and (3) whether Defendants have a meritorious defense.  Franchise Holding II, LLC, 375 F.3d at 926.  The moving party bears the burden of establishing that these factors favor setting aside the entry of default, and the Court may deny the motion if the moving party fails to meet this burden with respect to any of these factors.  Id.

If the Court grants relief from the default, it may impose terms and conditions appropriate to make the relief  just and  fair  for the other party.  Nilsson, Robbins et al. V.

-6-

Louisianna Hydrolec, 854 F.2d 1583, 1546-1547 (9th Cir. 1988).  These may include an

order that defendant pay plaintiff's attorney fees and costs incurred in connection with the

default.  Id.

////

**III.    ANALYSIS**

The Court will consider each of the three factors in turn below.

**A.    Whether Defendant was Culpable**

"A defendant's conduct is culpable if he has received actual or constructive notice

of the filing of the action and <u>intentionally</u> failed to answer."  <u>TCI Group Life Ins. Plan v.

Knoebber</u>, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original).  The Ninth Circuit

recently held:

> In this context, the term "intentionally" means that a movant
> cannot be treated as culpable simply for having made a
> conscious choice not to answer; rather, to treat the failure as
> culpable, the movant must have acted with bad faith, such as
> an "intention to take advantage of the opposing party, interfere
> with judicial decisionmaking, or otherwise manipulate the legal
> process."

<u>United States v. Signed Personal Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1092

(9th Cir. 2010) (quoting <u>TCI Group</u>, 244 F.3d at 697).

Defendant argues that his conduct was not culpable because his failure to appear

and answer the Complaint was "based on defendants' counsel's mistake that plaintiff would

be amending his complaint and reserving it."  (Mot. To Set Aside Default (ECF No. 11-1)

p. 1.)  Defendant's counsel's sworn Declaration states that he "understood that the

complaint in this matter and the other three matters would be amended to properly assert

-7-

the claims and provide proper service of each of [sic] legal actions." (Decl. of Steven Geringer (ECF No. 11-2) ¶ 4.)   It appears he honestly believed he was not obliged to defend this action until an amended complaint was filed.

There is no evidence that Defendant's failure to answer the complaint was the result of bad faith or an attempt to take advantage of the opposing party or game the system. Defense counsel's belief that no pleading response would be necessary until amendment occurred was reasonable, at least in the abstract; it was less so when examined in the light of the contrary notices from plaintiff's counsel.  However, regardless of the reasonableness of the belief, there does not appear to have been any deliberately wrongful intent.  While the failure may suggest negligence, even gross negligence on the part of counsel does not necessarily constitute culpable conduct.  See Community Dental Servs. v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002) ("where the client has demonstrated gross negligence on the part of his counsel, a default judgment may be set aside.").  Moreover, Defendant himself appears to have been innocently unaware of what transpired in these regards. Accordingly, the Court finds that the failure to timely defend against this action was not the result of Defendant's (or his counsel's) culpable conduct.

## B.    Prejudice to Plaintiff

The Court also must consider whether Plaintiff will suffer any prejudice if the entries of default are set aside.  TCI Group, 244 F.3d at 696.  To be prejudicial, the setting aside of the default "must result in greater harm than simply delaying the resolution of the case. The standard is whether the plaintiff's ability to pursue his claim will be hindered." Id. at 701.

Plaintiff's papers do not assert or establish that he would suffer any harm other than

-8-

delay in the resolution of his case if the default were set aside.  There is no basis on which the Court can find otherwise, **except** insofar it is clear that Plaintiff had to incur time and expense in having default entered and in responding to this motion to set aside default. If the motion to set aside were granted, that prejudice could and should be compensated by Defendant reimbursing Plaintiff for those expenditures.

### C.     Meritorious Defense

A defendant seeking to set aside an entry of default must present specific facts that would constitute a defense.   TCI Group, 244 F.3d at 696.   This burden is not "extraordinarily heavy," as a movant need only demonstrate law or facts showing that a sufficient defense is assertable. Id. at 700.  In determining whether the moving party has satisfied its burden, the Court is to "examine[] the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978).

Here, Defendant presents no declaration, no argument, no authorities, no facts, no evidence and no other basis upon which one might conclude that he has a meritorious defense.  The only indication that Defendant would mount a defense at all is a document attached to the instant motion that is purportedly a proposed answer to Plaintiff's Complaint.[6] (Proposed Answer (ECF No. 11-3)).  It states Defendant has "no knowledge or information sufficient to form a belief as to the truth" of most of the  allegations, including allegations as to the provisions of law.  (Id. ¶ 2.)  It denies some fifteen of the

---

[6] The Court questions whether the attached answer even pertains to this case as it admits certain facts "as to Defendant Rubio only" and there is no such Defendant in this case.

fifty-two allegations, including those alleging acts or omissions by Defendants in violation of applicable law.  (Id. ¶ 3.)  It asserts one affirmative defense, an alleged failure of the complaint to state a claim on which relief can be granted.

The Court finds that Defendant has failed to satisfy his burden of putting forth facts showing that he could mount a meritorious defense.  Nothing filed in connection with the instant Motion—including the proposed Answer—supplies any facts that could form the basis for a defense.  The bare assertion of the affirmative defense that Plaintiff's Complaint fails to state a claim upon which relief could be granted is a conclusory legal statement that does not satisfy Defendant's burden.  See Cassidy v. Tenorio, 856 F.2d 1412, 1416 (9th Cir. 1988) (holding that a "naked, conclusory allegation, without a statement of underlying facts which tend to support such an allegation, is insufficient to make out a colorable claim to a meritorious defense."); Sovereign Capital Resources, LLC v. Armstrong Square Ltd. Partnership, 58 F. App'x 335, 336 (9th Cir. 2003) (statement that defendant "believed" she had a meritorious defense was insufficient to set aside entry of default because it "consisted of legal conclusions devoid of factual support").

Because it is clear that the party seeking to set aside an entry of default bears the burden of demonstrating that all three good cause factors are satisfied, see TCI Group, 244 F.3d at 696, and Defendant in this case has failed to submit any facts showing that he could mount a meritorious defense, it would be an abuse of discretion to set aside the entry of default.  See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) (where defendant failed to set forth a meritorious defense, "it would have been an abuse of discretion to set aside the entry of default.").  "To  permit reopening of the case in the absence of some showing of a meritorious defense would cause needless delay and

-10-

expense to the parties and the court system." <u>Id.</u> Accordingly, the Court will recommend that the Motion to Set Aside be DENIED.

## IV.    <u>CONCLUSION AND RECOMMENDATIONS</u>

The Court finds that Defendant has failed to meet his burden of showing that he has a meritorious defense and, therefore, failed to show that there is good cause to set aside the entry of default in this case.  Accordingly, the Court RECOMMENDS that Defendant's Motion to Set Aside Entry of Default should be **DENIED.**

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    April 7, 2011                      /s/ *Michael J. Seng*

                        UNITED STATES MAGISTRATE JUDGE